UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



CASE NO. 99-6749-CIV-MORENO
MAGISTRATE JUDGE DUBE

ADVOCATES FOR THE DISABLED, INC.
a Florida not-for-profit corporation,
MARK ARDIS, Individually, and ERNST
ROSENKRANTZ, Individually,

    Plaintiffs,

vs.

HAIG & HAIG CONTRACTORS, INC., a
Florida corporation d/b/a SHOPPES OF
CRYSTAL COVE,

    Defendant.
_____/

## STIPULATION OF SETTLEMENT

THIS STIPULATION OF SETTLEMENT is by and between Plaintiffs, ADVOCATES FOR THE DISABLED, INC., a Florida not-for-profit corporation, MARK ARDIS, Individually, and ERNST ROSENKRANTZ, Individually ("PLAINTIFFS") and Defendant, HAIG & HAIG CONTRACTORS, INC., a Florida corporation, d/b/a SHOPPES OF CRYSTAL COVE, ("DEFENDANT").

*WHEREAS*, PLAINTIFFS filed this action, pursuant to Title III of the Americans with Disabilities Act ("ADA"), against DEFENDANT; and

*WHEREAS*, DEFENDANT's facility, known as the Shoppes of Crystal Cove, is located at 1050 West Sample Road, Pompano Beach, Florida; and

*WHEREAS*, PLAINTIFFS claim that there are architectural barriers existing at DEFENDANT's facility which constitute violations of the ADA; and

*WHEREAS*, the parties wish to resolve their differences amicably without continuing this litigation and have agreed to resolve the differences between them as set forth below; and

*WHEREAS*, PLAINTIFFS believe that, when the modifications required by this Stipulation of Settlement are completed, DEFENDANT will be in substantial compliance with the Americans with Disabilities Act;

*NOW, THEREFORE*, the parties, for good and valuable consideration, the sufficiency of which is hereby acknowledged, agree to the following terms and conditions in full and complete settlement of this action:

1. DEFENDANT has caused, or shall cause, the following modifications and/or improvements to be made to the facility:

    A. The number of disabled spaces, *i.e.*, two (2), is, or will be, compliant with ADAAG§4.1.2(5), and the spaces are, or will be, configured in compliance with ADAAG§4.6 and §316.1955, Fla.Stat.;

    B. The signage for each space is, or will be, in compliance with §316.1955, Fla.Stat.;

    C. The designated accessible parking spaces have, or will have, a common access aisle which does not require traversing vehicular traffic, and which, insofar as required, is, or will be, compliant with ADAAG§4.3;

      D.    A single ramp has been, or will be, created at the top of the access aisle, ending on the sidewalk, and is, or will be, in compliance with ADAAG§§4.7 and 4.8;

      E.    The ramp which projects or projected into one or more vehicle parking spaces has been, or will be, removed; and

      F.    All tenants have been, or will be, instructed that the sidewalk cannot be obstructed, so as to allow an accessible path of travel.

2.    Any remaining improvements or modifications shall be completed within ninety (90) days after the Court's approval of this Stipulation of Settlement. PLAINTIFFS' representative shall be granted reasonable access to the facility to verify completion. If DEFENDANT is unable to complete the improvements or modifications due to circumstances beyond DEFENDANT's control, it shall be afforded a reasonable delay, by agreement of the parties, or, if an agreement cannot be reached by the parties, the Court may extend the time which DEFENDANT has to complete the improvements or modifications.

3.    Except for the duties and obligations imposed by this Settlement Stipulation, the parties mutually release the other from any and all claims, demands, obligations, causes of action, and actions which each party has, or may have, against the other as it relates to this action.

4.    The parties are executing a separate "Agreement for Fees and Costs," which shall be enforceable by the Court.

5.    The Court shall retain jurisdiction to enforce the terms of this Stipulation of Settlement and the separate "Agreement for Fees and Costs."

6.  With the exception of the Court's retention of jurisdiction as set forth in Paragraph 5 above, this action shall be dismissed with prejudice, pursuant to the attached Order.

| | |
|---|---|
| LINDA J. EHRLICH, P.A.<br>Attorneys for Defendant,<br>  Haig & Haig<br>The Plaza, Suite 801<br>5355 Town Center Road<br>Boca Raton, FL  33486<br>Tel.: (561)391-4900<br>Fax :(561)368-9274<br><br>By: *[signature]*<br>    LINDA J. EHRLICH, ESQ.<br>    Fla. Bar No. 318604<br><br>Dated: 7 Sept. 99 | FULLER, MALLAH & ASSOCIATES, P.A.<br>Attorneys for Plaintiffs, Advocates for the<br>  Disabled, Mark Ardis and Ernst Rosenkrantz<br>1111 Lincoln Road<br>PH 802<br>Miami Beach, FL  33139<br>Tel.: (305)538-6483<br>Fax: (305)534-9894<br><br>By: *[signature]*<br>    JOHN D. MALLAH, ESQ<br>    Fla. Bar No. 457760<br><br>Dated: 9/8/99 |